# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL INSTITUTION CONFINEMENT SHU, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:06-CV-00468-OWW-SMS-P<br><br>Appeal No. 06-16346<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR TRANSCRIPTS ON APPEAL AT GOVERNMENT EXPENSE AND FOR THE APPOINTMENT OF COUNSEL<br><br>(Docs. 11, 12, and 13)<br><br>ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF ORDER ON NINTH CIRCUIT |

　　Plaintiff Willie Weaver ("plaintiff") is a state prisoner who was proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on April 21, 2006. (Doc. 1.) Because the complaint in this action sets forth the same claims as those set forth in the complaint filed on April 17, 2006, in case number 1:06-CV-00442-AWI-SMS-P, by order filed June 27, 2006, the Court dismissed this action as duplicative of case number 1:06-CV-00442-AWI-SMS-P. (Doc. 6.) Plaintiff filed a notice of appeal on July 10, 2006. (Doc. 8.) On August 3, 2006, plaintiff filed a motion seeking transcripts at government expense and a motion seeking the appointment of counsel. (Docs. 11, 12, 13,)

　　Plaintiff seeks transcripts on appeal at government expense. Because there have been no courtroom proceedings in this action, the Court construes plaintiff's motion to be one for the printing of the record at government expense. Plaintiff was not proceeding in forma pauperis in this action

in the district court. Therefore, plaintiff is not entitled to printing of the record at government expense. 28 U.S.C. § 1915(c). Further, in a separate order issued concurrently with this order, the Court found that plaintiff's appeal was not taken in good faith and denied plaintiff's motion for leave to proceed in forma pauperis on appeal. For these reasons, plaintiff's motion shall be denied. In the event that the Ninth Circuit deems it necessary to review the record and directs this Court to produce it, the Court will do so. Absent instruction from the Ninth Circuit, however, the record will not be printed for plaintiff at government expense.

Plaintiff also seeks the appointment of counsel. Plaintiff's motion is best directed to the Ninth Circuit. However, in light of the fact that plaintiff filed his motion in the district court, this Court will address it.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases.

In the present case, the Court does not find the required exceptional circumstances. See id. This action was dismissed as duplicative of another pending case and in the Court has found that plaintiff's appeal of the dismissal was not taken in good faith. Therefore, plaintiff's request for the appointment of counsel shall be denied.

In accordance with the above, plaintiff's motion for transcripts on appeal, construed as one for the printing of the record on appeal at government expense, and plaintiff's motion for the appointment of counsel on appeal, filed August 3, 2006, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:    August 17, 2006                      /s/ Oliver W. Wanger
emm0d6                                         UNITED STATES DISTRICT JUDGE